# DUEHAY *v*. DISTRICT OF COLUMBIA.

---

STATUTORY CONSTRUCTION; CHIMNEYS AND SMOKESTACKS; APARTMENT HOUSES; SMOKE LAW.

1. In the construction of a statute, its words are, where possible, to be given their ordinary popular meaning, and every word must be given effect.

2. While "chimney" is a generic word that would include "smokestack" as one of its species, it is commonly applied to the smoke conduits that are attached to separate houses of ordinary size and construction; and the word "smokestack," probably first applied to the smoke escape of fire engines, is now commonly understood as meaning also a chimney of unusual size and height attached to a furnace or combination of furnaces used for supplying heat or power, or both, in a large building or series of buildings used as a factory, a place for offices, or what is called an apartment or tenement house.

3. An apartment house consisting of a number of apartments, each used exclusively for residential purposes, and in which nothing of a business nature is carried on, but which is supplied with several low-pressure boilers, and which contains one large flue or chimney about 3 feet by 3 feet in space, does not come within the meaning of the proviso of the act of Congress of February 2, 1899, 30 Stat. at L. 812, chap. 79, which

declares that the act shall not be construed as applying "to chimneys of buildings used exclusively for private residences," and therefore such a building is not exempted from the operation of that act.

No. 1524.   Submitted April 6, 1905.   Decided April 18, 1905.

IN ERROR to the Police Court of the District of Columbia.
*Judgment affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Samuel Maddox* for the plaintiff in error.

*Mr. A. B. Duvall,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is a writ of error to review a judgment of conviction in the police court of the violation of what is known as the "smoke law."   30 Stat. at L. 812, chap. 79.

This statute declares "the emission of dense or thick black or gray smoke or cinders from any smokestack or chimney used in connection with any stationary engine, steam boiler, or furnace of any description within the District of Columbia," to be a public nuisance, and provides a penalty therefor.

The proof shows the emission of such smoke several times on October 26, 1904, from the chimney of a building called the "Rochambeau," then owned and occupied by the plaintiff in error, Francis H. Duehay.

It appears from the uncontradicted testimony of the plaintiff in error, that the "Rochambeau" "is an apartment house of fire-proof construction, seven stories and basement, having eighty-one separate housekeeping apartments, all used exclusively as private residences.   There is nothing of a public nature about the house,—no bar, no café, no cigar or newspaper stands, no billiard room, no barber shop,—in fact, nothing of a business

nature is carried on in the house." It appears also that the building is supplied with three low-pressure boilers of seventy horse-power each. There is one large flue or chimney about 3 feet by 3 feet in space. It is unnecessary to state other evidence relating to the character of coal used, the efforts to prevent the emission of smoke, and the unpunished violation of the law by others, as it is all irrelevant.

The single question for determination is whether a building of the kind and uses shown is exempted from the operation of the act, under the following proviso to the section above recited substantially: "Provided, that nothing in this act shall be construed as applied to chimneys of buildings used exclusively for private residences."

Without this proviso the act is broad enough to apply not only to emissions of smoke of the character defined from the smokestacks of all large buildings, but to those also from the chimneys of what are known as private houses. In our opinion the proviso was intended to exclude from this application only what are generally understood to be houses of private residence equipped with the chimneys ordinarily used therein. In the construction of a statute its words are to be given, where possible, their ordinary, popular meaning.

Now, while chimney is a generic word that would include smokestack as one of its species, it is commonly applied to the smoke conduits that are attached to the mass of separate houses of ordinary size and construction.

On the other hand, the word "smokestack," probably first applied to the smoke escape of railway engines, is now commonly understood as meaning also a chimney of unusual size and height, attached to a furnace or combination of furnaces used for supplying heat or power, or both, in a large building or series of buildings that may be used as a factory, a place for offices, or what is called an apartment or tenement house.

Congress evidently had in view this common understanding of the separate and distinct signification of the words, else it would not have used both in the body of the act. Giving effect to every word used in the act, as must be done if possible, it

cannot be presumed, in view of the common understanding of the difference between these words, that they were regarded as synonymous.

Turning to the proviso, it will be observed that the word "chimneys," alone, is used,—"the chimneys of buildings used exclusively for private residences."

The general purpose of the act is to prevent the emission of smoke and cinders in such volume as was reasonably supposed to create a public nuisance; and the proviso was added, in our opinion, because it was likewise supposed that the emission of smoke from the chimneys of those buildings commonly called and generally understood to be private residences would not constitute such a nuisance as to call for their prohibition also.

We are clearly of the opinion that it was not intended to withdraw from the application of the act those buildings commonly called apartments or tenement houses, or flats, wherein a number of private families may live in separate apartments, as in this case, enjoying the benefits of boilers and furnaces attached to one or more great chimneys or smokestacks, and supplying heat and other conveniences for the common use.

Such buildings, although their owners may not carry on in them the ordinary business of hotels in connection with the lease of apartments, are not used exclusively as private residences, within the meaning of the law.

The judgment of the Police Court was right, and it will be affirmed with costs. It is so ordered.          *Affirmed.*

A petition by the plaintiff in error to the Supreme Court of the United States for a writ of certiorari was denied by that court June 3, 1905.